**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| DR. JAY A. CARR, JR., | § | |
| | § | |
| V. | § | A-13-CA-749-LY |
| | § | |
| | § | |
| AUSTIN POLICE DEPARTMENT | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
          UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended.

Before the Court is Petitioner Jay A. Carr, Jr.'s application for habeas corpus relief (Clerk's Doc. No. 1).  Carr fails to request leave to proceed in forma pauperis, but he submits that he is currently living at the Austin State Hospital, and prior to his arrest he was homeless and panhandling for money on Barton Springs Road, in Austin, Texas. Accordingly, the Court construes Carr's application as requesting leave to proceed in forma pauperis. The Court finds Carr indigent and therefore GRANTS Carr in forma pauperis status.  For the reasons set forth below, the undersigned finds that Carr's application for writ of habeas corpus should be dismissed without prejudice.

**I.  Background**

According to Carr, he was arrested for trespassing two months ago.  He states that he was declared incompetent to stand trial and requests release from the Austin State Hospital. He asserts his speedy trial rights have been violated and requests release for "time served."

Carr files the current petition for writ of habeas corpus by a person in state custody alleging a litany of complaints: (1) he was not read his Miranda rights at the time of arrest; (2) he was not granted access to the telephone within one hour of arrest; (3) he was not arraigned within 24 hours of arrest; (4) his court appointed lawyer did not consult with him within 72 hours; and (5) he was not afforded his day in court within the next "term"[1] after his arraignment. Carr requests the Court to release him for "time served" or, alternatively, to release him on a personal recognizance bond.

## II. Analysis

It is well-established that a state pre-trial detainee may challenge the power and authority of the State to bring him to trial and the constitutionality or lawfulness of his present confinement by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as [Petitioner]'s are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."). A state pretrial detainee may proceed under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 224. Second, the petitioner must have exhausted his available state remedies. *Id.* Carr represents that he has not been convicted and is residing at the Austin State Hospital, as he has been declared incompetent to stand trial. Accordingly, he is "in custody" for purposes of § 2241. The only remaining issue is whether he has exhausted his state court remedies.[2]

---

[1]Carr defines a "term" as a Monday through Friday time period.

[2]Although § 2241 does not contain an express exhaustion requirement, exhaustion is nevertheless required where pre-trial issues are concerned, under the theory that federal courts should abstain from interfering with matters that are pending in the state courts "if the issues raised in the

Under § 2241 "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973). The Supreme Court's discussion in *Braden* shows this distinction typically turns on the type of relief sought by a petitioner: "an attempt to dismiss an indictment or otherwise prevent a prosecution" is normally not attainable through a federal habeas corpus action, while "an attempt to force the state to go to trial" is, although a requirement of exhaustion of state remedies must be met. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). Challenges to state court orders that denied release on personal recognizance are also not normally heard in a federal habeas petition. *See Gipson v. Callahan*, No. 97-51021, 1998 WL 611740, at *1, (5th Cir. Aug. 25, 1998) (per curiam) (unpublished). Thus, absent "special circumstances," pre-trial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to address a speedy trial claim under the Sixth Amendment and bar the state from proceeding to trial. *Dickerson*, 816 F.2d at 224.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Clearly, and based upon his own allegations, Carr has not yet presented his claims in a procedurally correct manner to the state's highest court. Nor has he shown an absence of available state corrective process or that exceptional circumstances

---

petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489-92 (citations omitted)). Thus, an exhaustion requirement for petitions filed under § 2241 has been "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Id.* (citing *Braden*, 410 U.S. at 490-91).

-3-

exist that render such process ineffective.  *See Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489).  Accordingly, pretrial habeas interference by this court in the normal functioning of the state's criminal processes is not authorized, and Carr is not entitled to seek federal habeas corpus relief at this time. *Braden,* 410 U.S. at 493.  This petition should be dismissed without prejudice subject to Carr's right to seek federal habeas corpus relief after the state proceedings are concluded.

### III. Recommendation

It is therefore recommended that Petitioner's Applications for Writ of Habeas Corpus be DISMISSED WITHOUT PREJUDICE.

### IV. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a district judge rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  When a district court denies a habeas petition on procedural grounds without reaching the underlying claim, a COA should issue if the petitioner shows, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2241 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations in this Report within 14 days after being served with a copy of the Report bars that party from *de novo* review by the District Court of the findings and recommendations in the Report and, except for upon plain error, bars  the party from appellate review of unobjected-to factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. US AA*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of August, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE